FILED

1   ERROL ALEXANDER JOSEPH BOWEN, JR.
    *In Pro Per*
2   A# 072-937-832                                      APR 07 2022
    Golden State Annex Facility
3   611 Frontage Road                          CLERK U.S. DISTRICT COURT
    McFarland, CA 93250                        EASTERN DISTRICT OF CALIFORNIA
                                               BY_____
4                                                    DEPUTY CLERK

5                    UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF CALIFORNIA

7                           FRESNO DIVISION

8

9   ERROL ALEXANDER JOSEPH              CASE NO.: 1:22-CV-00402-8120
    BOWEN, JR.,                                              (AC)
10
                                       DHS Case No.: A# 072-937-832
11               PETITIONER,
                                       **PETITION FOR WRIT OF HABEAS
12        v.                           CORPUS BY A PERSON IN
                                       FEDERAL CUSTODY PURSUANT
13  MERRICK GARLAND, Attorney General  TO 28 U.S.C. § 2241**
    of the United States; ALEJANDRO
14  MAYORKAS, Secretary of the Department
    of Homeland Security; POLLY E.
15  KAISER, San Francisco Field Office
    Director, Bureau of Immigration and
16  Customs Enforcement; NANCY
    GONZALEZ, Assistant Field Office
17                                           RECEIVED
    Director of Golden State Annex Facility /
18  Golden State MCCF; MIGA WOFFORD,         APR 07 2022
    Warden, GEO Group, Golden State Annex
19                                      CLERK, U.S. DISTRICT COURT
    Facility / Golden State MCCF,        EASTERN DISTRICT OF CALIFORNIA
20                                       BY_____
                 RESPONDENTS.                    DEPUTY CLERK
21

22

23

24

25

26

27

28

## VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS[1]

Petitioner, Errol Alexander Joseph Bowen, Jr, hereby petitions this Court for a writ of habeas corpus to remedy his unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, Mr. Bowen, alleges as follows:

### CUSTODY

1. Mr. Bowen is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Mr. Bowen is detained at the Golden State Modified Community Correctional Facility ("MCCF") / Golden State Annex Facility (hereinafter "Golden State Annex Facility") in McFarland, California. ICE has contracted with this facility to house immigration detainees such as Mr. Bowen. Mr. Bowen is under the direct control of Respondents and their agents.

### JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Mr. Bowen is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Mr. Bowen has exhausted all administrative remedies to the extent required by law.

### VENUE

5. Venue lies in the United States District Court for the Eastern District of California, the judicial district where Mr. Bowen's legal custodian is located. The requirements for venue are

---

[1] This Petition, while filed by Mr. Bowen *in pro per*, was drafted with substantial assistance by the legal services nonprofit, Asian Americans Advancing Justice – Los Angeles.

met under the federal venue statute 28 U.S.C. § 1391(e) as well as under the principles enunciated

by the Supreme Court in <u>Braden v. Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 493-500

(1973).

**PARTIES**

6. Mr. Bowen is 42 years old. He was born on December 19, 1979. On information, Mr.

Bowen was born in the U.S. Virgin Islands to Belizean parents and may therefore present a claim

to U.S. citizenship. *See* Exh. A., FBI Identification Record, FBI No. 657090TB1, Dated

4/16/2009. However, Mr. Bowen himself does not know where he was born and therefore

believes himself to be stateless. Mr. Bowen has been continuously detained by ICE since

approximately October 1, 2020, which is a period of over six months. He received a final order of

removal on July 16, 2021.

7. Respondent, Merrick Garland, is the Attorney General of the United States and head of

the Department of Justice, which encompasses the Board of Immigration Appeals ("BIA") and

the Immigration Judges under its subunit, the Executive Office for Immigration Review. Mr.

Garland is responsible for the enforcement of the laws of the United States, and he shares

responsibility, along with Respondent, Alejandro Mayorkas, for the implementation and

enforcement of the immigration laws, including the Immigration and Nationality Act ("INA").

Mr. Garland is a legal custodian of Petitioner. Mr. Garland is sued in his official capacity.

8. Respondent, Alejandro Mayorkas, is the Secretary of the Department of Homeland

Security ("DHS"). He is responsible for the administration of ICE, as well as the implementation

and enforcement of the immigration laws. As such, he has ultimate custodial authority over

Petitioner. Mr. Mayorkas is sued in his official capacity.

9. Respondent, Polly E. Kaiser, is the ICE Field Office Director for the San Francisco

Field Office of ICE. In her official capacity, Ms. Kaiser is authorized to release Petitioner. Ms.

Kaiser is sued in her official capacity.

10. Respondent, Nancy Gonzalez, is the Assistant Field Office Director of the Golden

State Annex Facility. Ms. Gonzalez has responsibility for the operation of the detention facility in

McFarland, California, where Mr. Bowen is currently detained under the authority of ICE.

Therefore, Ms. Gonzalez is the legal custodian for individuals detained in the Golden State Annex

Facility. Ms. Gonzalez is sued in her official capacity.

11. Respondent, Miga Wofford, is the Warden of the Golden State Annex Facility, which

is operated by the private corporation, GEO Group, under contract with ICE and the California

Department of Corrections and Rehabilitation to house immigration detainees. In this capacity,

she is responsible for the oversight and custody of detainees at the Golden State Annex Facility.

She is therefore the legal custodian of Mr. Bowen. Ms. Wofford is sued in her official capacity.

### FACTUAL ALLEGATIONS

12. Petitioner, Mr. Bowen, was born on December 19, 1979. On information, he was born

in the U.S. Virgin Islands to Belizean parents and may therefore present a claim to U.S.

citizenship. *See* Exh. A., FBI Identification Record.  However, Mr. Bowen himself does not know

where he was born and therefore believes himself to be stateless. Upon information and belief,

Mr. Bowen has been continuously held in ICE custody for a period of over six months after being

detained by ICE on approximately October 1, 2020. He received a final order of removal on July

16, 2021.

13.  Upon information and belief, ICE detained Mr. Bowen upon his release from criminal

custody on or around October 1, 2020 and he has remained continuously in ICE custody since

that date.

13.  Mr. Bowen was ordered removed by an Immigration Judge on July 16, 2021, despite

contesting his removal on the basis of his alienage and nationality. This order became final on

July 16, 2021 because Mr. Bowen waived his right to appeal.

14. There is no significant likelihood that ICE will remove Mr. Bowen to Belize in the

reasonably foreseeable future. In the time since his removal order on July 16, 2021 and since he

was detained by ICE on approximately October 1, 2020, ICE has unsuccessfully tried to remove

him to Belize.

15. Mr. Bowen has reasonably cooperated with efforts by ICE regarding his detention and

3

removal. He has signed all the necessary paperwork to assist his deportation officer in

effectuating his removal to Belize, for example, including but not limited to Form I-229(a) and

Instruction Sheet to Detainee, on July 16, 2021, September 7, 2021, October 15, 2021, November

10, 2021, December 8, 2021, January 4, 2022 and February 2, 2022. He has also gone above and

beyond what is required of him to cooperate with ICE, by contacting agencies of the government

of Belize on multiple occasions, requesting any passport, birth certificate, or nationality records

related to his name(s), including "Errol Alexander Bowen", "Errol Alexander Bowen, Jr.", "Errol

Alexander Joseph Bowen, Jr.", and his birthdate. On April 19, 2019, Mr. Bowen received a letter

from the Consulate General of Belize stating no record of a birth entry exists in the Vital Statistics

database for "Errol Alexander Bowen" with birthdate of December 19, 1979. *See* Exh. B.,

Consulate General of Belize Letter, Carolyn McKenzie, Vice Consul, Dated 4/19/2019.  On

February 25, 2021, Mr. Bowen received a letter from the Embassy of Belize stating no records

related to "Errol Alexander Bowen, Jr." with birthdate of December 19, 1979 were found in the

Belize Passport, Birth Certificate, or Nationality systems. *See* Exh. C., Embassy of Belize,

Washington D.C. Letter, Michael Mena, Counsellor, Dated 2/25/2021.  Despite these efforts and

apparent lack of a valid travel document for Mr. Bowen, ICE scheduled a commercial flight for

his deportation to Belize on October 12, 2021, which Mr. Bowen refused to board, alleging that

ICE was using a false passport, No. 0194875, which actually belonged to another individual

named "Eber Fernando Polanco". *See* Exh. D., Declarations of Mr. Bowen, Dated 1/25/2022 &

2/9/2022.  Mr. Bowen states that his aunt, Arlene Cabral-Gentle, communicated with an official

of the Belize Ministry of Foreign Affairs & Immigration named Tasha Cain who was able to

confirm this information about the passport. Mr. Bowen states that, on that day, ICE drove him

down to its Los Angeles field office from the Golden State Annex Facility with no advance notice

and showed this passport book to him but never opened it; he states ICE also never showed him

the alleged plane ticket or travel itinerary for the flight to Belize at the Los Angeles office, then,

upon questioning him if was going to get on the plane flight, to which he answered in the

negative, drove him back to Golden State Annex Facility. Again, on February 9, 2022, Mr.

Bowen contacted the government of Belize by letter to apply for a travel document or passport or, in the alternative, for a letter of denial of issuance of travel document or passport. *See* Exh. E., Letter by Mr. Bowen, Dated 2/9/2022. On March 10, 2022, Mr. Bowen received a letter from the Commissioner of the Supreme Court Registry in Belize City, Belize stating that no entry of birth exists in the Vital Statistical Information system for the name "Errol Alexander Joseph Bowen, Jr." with birthdate December 19, 1979. *See* Exh. F., Commissioner of the Supreme Court, Belize City, Belize, Raymond A. Usher Letter, Dated 3/10/2022. On March 16, 2022, Mr. Bowen received a letter from the Nationality & Passport Department in Belmopan, Belize stating that no Belize passport has ever been issued for the name "Errol Alexander Joseph Bowen, Jr." with birthdate December 19, 1979. *See* Exh. G., Nationality & Passport Department, Belmopan, Belize Letter, Mario Arzu, Director, Dated 3/16/2022. None of these efforts have resulted in a valid travel document being issued for Mr. Bowen from Belize. Moreover, removal to a third country is not possible as Mr. Bowen does not have ties to any other country.

16. Mr. Bowen has attempted to secure his release from detention. Mr. Bowen and his family have provided an address where ICE could locate him in the event that it could not effectuate his removal.

17. Nevertheless, ICE has chosen to keep Mr. Bowen in custody. He received a decision to continue detention from ICE that failed to explain why, despite the substantial amount of evidence Mr. Bowen has received from virtually every government agency of Belize related to passports, birth certificates, nationality and vital statistical information, revealing that he is not a citizen or national of Belize and that no valid passport or travel document has been or will be produced for him, as well as his reasonable cooperation with ICE in light of this all. Mr. Bowen has yet to be removed or released in the eighteen months following his detention by ICE and the now nine months following his final order of removal.

18. Mr. Bowen is not a flight risk or a danger to the community. If Mr. Bowen is released, he would first live with his naturalized U.S. citizen mother, Rosita Bowen, at 1719 S. Berendo St., Los Angeles, California, 90006. Mr. Bowen is married to his U.S. citizen wife, Alma Hurley,

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

who currently resides at 3216 W. 63rd Street, Los Angeles, 90043. They have been married since
March 19, 2019 and have plans to reside together eventually. From his earliest memory, Mr.
Bowen grew up in Los Angeles and San Fernando Valley, California with his mother, Rosita, his
father, Errol Sr., and his older brother, Sean. He graduated from Sylmar High School in Los
Angeles, California in 1998, as a talented football player, and then attended West Los Angeles
Junior College from 1998 to 2000. From 2000-2001, Mr. Bowen was able to attend Fort Hays
College in Hays, Kansas on a one-year athletic scholarship for football. After that, his coach from
West L.A. Junior College helped him get another athletic scholarship to attend Allen University
in Columbia, South Carolina from 2006 to 2008, where Mr. Bowen played football again and
studied social science. Although Mr. Bowen has a criminal history, he is not a danger to the
community and is not a flight risk. The incident leading to the assault with a firearm conviction
for which he was ordered removed occurred in 2008, when he was home in Los Angeles visiting
his mother and girlfriend from college. According to Mr. Bowen, he was acting in his own self-
defense and no one was injured in the event. He was arrested by the police two months later at his
home. All other charges in the case were dismissed. He served 13 years in prison for the offense.
During that time, Mr. Bowen earned 53 certificates, two AA degrees, one in Liberal Arts &
Science and the other in Science & Social Behavior, through Coastline Community College, as he
focused on rebuilding his life. He was credited a year and seven months off his sentence for all
this work and his good behavior, having not one incident of misconduct while incarcerated. Mr.
Bowen's plans for the future include assisting his mother, who works for the UCLA science
department, with her fledgling bakery business in Los Angeles. He has had a passion for culinary
work since he was young, baking cakes and tamales. He plans to get his seller's license from L.A.
City Hall immediately to help his mother's business once released. Mr. Bowen also has plans to
have children with his wife and to move together to a better area, like El Monte or Bellflower.
While in ICE custody, Mr. Bowen has been a practicing Christian, reading the Bible on a daily
basis. He also reads self-help and nonfiction books. He has significant family support from his
wife, his mother, his aunt, Arlene Cabral-Gentle, as well as his many aunts, uncles and cousins

1   from both sides of his family, all of whom live in southern California and will continue to help

2   Mr. Bowen reenter society.

### LEGAL FRAMEWORK FOR RELIEF SOUGHT

4   19. Mr. Bowen's release is required by controlling Supreme Court precedent. In <u>Zadvydas</u>

5   <u>v. Davis</u>, 533 U.S. 678 (2001), the U.S. Supreme Court held that six months is the presumptively

6   reasonable period during which ICE may detain aliens in order to effectuate their removal. <u>Id.</u> at

7   702. The <u>Zadvydas</u> standard applies to all aliens, including those who are inadmissible. <u>Clark v.</u>

8   <u>Martinez</u>, 543 U.S. 371 (2005). <u>Zadvydas</u> involved an alien who had a final order of removal.

9   Although the government had not yet been able to remove him, it asserted authority to continue to

10   detain him under the post-removal-period detention statute, which authorizes detention beyond

11   the normal 90-day removal period if the alien is deemed a "risk to the community or unlikely to

12   comply with the order of removal." <u>Zadvydas</u>, 533 U.S. at 688; 8 U.S.C. § 1231(a)(6). The Court

13   rejected the government's position. It noted that a statute permitting such potentially indefinite

14   detention, which is civil and therefore non-punitive in nature, would violate the Due Process

15   Clause of the Fifth Amendment unless some "special justification" outweighs the individual's

16   constitutionally protected interest in avoiding physical restraint, and the statute employed

17   rigorous procedural protections to determine that detention was justified. <u>Zadvydas</u>, 533 U.S. at

18   690.

19   20. The <u>Zadvydas</u> Court held that the two justifications for the detention at issue,

20   preventing flight and protecting the community, were inadequate to justify prolonged and

21   indefinite detention. <u>Id.</u> Regarding risk of flight, the Court stated, "The first justification --

22   preventing flight -- is weak or nonexistent where removal seems a remote possibility at best." <u>Id.</u>

23   Regarding protecting the community, the Court held that this rationale should be reserved for

24   "specially dangerous individuals," and that clear and convincing evidence of requisite

25   dangerousness, accompanied by strong procedural safeguards, as well as some other "special

26   circumstance, such as mental illness, that helps to create the danger" would be required to justify

27   prolonged and indefinite detention on that basis. <u>Id.</u> at 691. The Court found that the

28

1  administrative procedures available to Mr. Zadvydas were inadequate and that Mr. Zadvydas, a

2  man who had been convicted of attempted robbery, attempted burglary, theft, and possession of

3  cocaine with intent to distribute, was not in the class of especially dangerous individuals that

4  would justify indefinite detention. Id.at 684, 691-92 (suggesting that suspected terrorists and

5  individuals with sexually violent pasts who also had a mental condition that made future violence

6  likely could conceivably meet this standard).

7      21. To avoid finding the statute unconstitutional, the Zadvydas Court construed

8  §1231(a)(6) to contain an implicit "reasonable time" limitation subject to federal judicial review,

9  rather than to authorize indefinite detention. Id. at 682. In so doing, the Court established a

10  presumptively reasonable period of six months after the date of the final order of removal during

11  which the government may detain an alien to effectuate removal, and it held that a reviewing

12  habeas court must determine whether any detention beyond that period exceeds what is

13  reasonably necessary to secure removal in any given case. Id. at 699, 701. After this period, "once

14  the alien provides good reason to believe that there is no significant likelihood of removal in the

15  reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that

16  showing." Id. at 701. In addition, "as the period of prior post-removal confinement grows, what

17  counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

18      22. Here, Petitioner is entitled to release under Zadvydas. First, Mr. Bowen has already

19  passed the requisite six months of detention after having received a final order of removal. Mr.

20  Bowen's removal order became final on July 16, 2021. His detention began nine months prior to

21  that date when ICE detained Mr. Bowen upon his release from jail on or around October 1, 2020.

22  He has remained in ICE custody continuously since that date. Therefore, the six-month

23  presumptively reasonable removal period for Mr. Bowen concluded in January 2022. Second, Mr.

24  Bowen's removal is not significantly likely to occur in the reasonably foreseeable future. ICE has

25  had nine months to validly effectuate Mr. Bowen's removal with no success. Mr. Bowen has

26  reasonably cooperated with ICE to effectuate his own removal, but there is substantial

27  documentation, obtained through great effort by Mr. Bowen, indicating that he will not and

28

1  cannot be removed to Belize at any point in time because he is not a citizen or national of Belize.

2  Thus, Mr. Bowen's removal is not significantly likely to occur in the reasonably foreseeable

3  future, and he is entitled to release under Zadvydas.

4       23. Department of Homeland Security's administrative regulations also recognize that

5  HQPDU has a six-month period for determining whether there is a significant likelihood of an

6  alien's removal in the reasonably foreseeable future. 8 C.F.R. §241.13(b)(2)(ii).

7                          **CLAIMS FOR RELIEF**

8                    **COUNT ONE: STATUTORY VIOLATION**

9       24. Mr. Bowen re-alleges and incorporates by reference paragraphs 1 though 23 above.

10      25. Mr. Bowen's continued detention by Respondents is unlawful and contravenes 8

11  U.S.C. §1231(a)(6) as interpreted by the Supreme Court in Zadvydas. The six-month

12  presumptively reasonable period for removal efforts has expired, and Petitioner's removal to

13  Belize, or any other country, is not significantly likely to occur in the reasonably foreseeable

14  future. The Supreme Court held in Zadvydas and Martinez that ICE's continued detention of

15  someone in Mr. Bowen's circumstances is unlawful.

16              **COUNT TWO: SUBSTANTIVE DUE PROCESS VIOLATION**

17      26. Mr. Bowen re-alleges and incorporates by reference paragraphs 1 though 25 above.

18      27. Mr. Bowen's continued detention violates his right to substantive due process.

19      28. The Due Process Clause of the Fifth Amendment forbids prolonged detention absent a

20  special justification that outweighs Mr. Bowen's liberty interest in being free from detention.

21  Zadvydas, 533 U.S. at 690. Because Respondents have indicated no interest in validly

22  effectuating Mr. Bowen's removal, the justification of preventing flight is nonexistent, even

23  assuming it could constitute a "special justification" sufficient to permit prolonged detention. Nor

24  can Mr. Bowen's detention be justified on public safety grounds. Mr. Bowen has no history of

25  violent mental illness. Rather, Mr. Bowen was released from prison in 2020 for an offense that

26  occurred 14 years ago. While in prison, he focused on educating himself and learning skills to

27  help him succeed upon his release. While in ICE custody, Mr. Bowen has received support from

28

                                        9

his wife, mother, aunt and other family members and has continued to focus on developing skills to help him succeed upon his release, including practicing his religion and reading self-help books. Thus, even if Mr. Bowen's detention were authorized by statute, the government could not meet the constitutional standard set forth in <u>Zadvydas</u>, as they have not provided clear and convincing evidence of dangerousness, along with the requisite special circumstance, such as mental illness, sufficient to justify prolonged detention based on dangerousness.

## COUNT THREE: PROCEDURAL DUE PROCESS VIOLATION

29. Mr. Bowen re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. Under the Due Process Clause of the Fifth Amendment, even an alien who can be held for a prolonged period of time due to the existence of a "special justification" for such detention is entitled to strong procedural safeguards to protect against unconstitutional indefinite civil detention. <u>Zadvydas</u> 533 U.S. at 691. Mr. Bowen has been denied adequate procedural safeguards.  He has received no hearing concerning whether his detention is justified, and the only officials who have considered whether or not he should be released have been ICE agents who are responsible for his custody, and therefore necessarily do not make decisions concerning an alien's custody status in a neutral or impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Mr. Bowen violates his right to procedural due process. Further, the ICE agents who have considered his release requests have placed the burden upon him to show that he is entitled to release, whereas due process requires that the government bear the burden to justify civil commitment. <u>Id</u>. at 692. There is no administrative mechanism in place for Mr. Bowen to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates the binding legal holdings of <u>Zadvydas</u>. The absence of any review procedure also violates due process. <u>Id</u>. at 690.

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Bowen prays that this Court grant the following relief:

    1)  Assume jurisdiction over the matter;

    2)  Grant Mr. Bowen a writ of habeas corpus directing the Respondents to immediately release him from custody on reasonable conditions of supervision;

    3)  Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Mr. Bowen; and

    4)  Grant any other further relief that this Court deems just and proper.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and ability.

DATED: _April 4, 2022_         BY: _/s/ Errol Alexander Joseph Bowen Jr._
                                   ERROL ALEXANDER JOSEPH BOWEN, JR.
                                        Petitioner *In Pro Per*

1    **PROOF OF SERVICE**

2    I, Matthew Toyama, certify that a true copy of the above document (Petition for Writ of Habeas

3    Corpus) together with attached documents, was served on ___*4/4/2022*___, upon the

4    following:

5

6    Civil Process Clerk
     United States Attorney's Office
7    Eastern District of California
     2500 Tulare Street, Room 4401
8    Fresno, CA 93721;

9

10   Polly E. Kaiser
     ICE-ERO San Francisco Field Office Director
11   630 Sansome St., Room 590
     San Francisco, CA 94111;
12

13   Nancy Gonzalez
     ICE-ERO Assistant Field Office Director
14   800 Truxtun Ave, 1st Floor
     Bakersfield, CA 93301;
15

16

17   Miga Wofford
     Warden, GEO Group, Golden State Annex Facility
18   611 Frontage Road
     McFarland, CA 93250;
19

20   by first-class mail and electronic filing.

21

22   An original copy of this petition was sent to: Clerk of the United States District Court for the

23   Eastern District of California, Fresno Division, United States Courthouse, 2500 Tulare Street,

24   Room 1501, Fresno, CA 93721.

25

26   Signature: _____

27   Date: _____*4/4/2022*_____

28

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

1

## INDEX OF EXHIBITS

2    **A.** FBI Identification Record, FBI No. 657090TB1, Dated 4/16/2009.

3    **B.** Consulate General of Belize Letter, Carolyn McKenzie, Vice Consul, Dated 4/19/2019.

4    **C.** Embassy of Belize, Washington D.C. Letter, Michael Mena, Counsellor, Dated 2/25/2021.

5    **D.** Declarations of Mr. Bowen, Dated 1/25/2022 & 2/9/2022.

6    **E.** Letter by Mr. Bowen, Dated 2/9/2022.

7    **F.** Commissioner of the Supreme Court, Belize City, Belize, Raymond A. Usher Letter,

8        Dated 3/10/2022.

9    **G.** Nationality & Passport Department, Belmopan, Belize Letter, Mario Arzu, Director,

10       Dated 3/16/2022.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

# EXHIBIT A

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

WVINSL00Z              CIDN 4272937832          ICN B2009106001181835015

BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.

THIS RECORD IS SUBJECT TO THE
FOLLOWING USE AND DISSEMINATION RESTRICTIONS

UNDER PROVISIONS SET FORTH IN TITLE 28, CODE OF FEDERAL
REGULATIONS (CFR), SECTION 50.12, BOTH GOVERNMENTAL AND NONGOVERNMENTAL
ENTITIES AUTHORIZED TO SUBMIT FINGERPRINTS AND RECEIVE FBI IDENTIFICATION
RECORDS MUST NOTIFY THE INDIVIDUALS FINGERPRINTED THAT THE FINGERPRINTS
WILL BE USED TO CHECK THE CRIMINAL HISTORY RECORDS OF THE FBI.
IDENTIFICATION RECORDS OBTAINED FROM THE FBI MAY BE USED SOLELY FOR
THE PURPOSE REQUESTED AND MAY NOT BE DISSEMINATED OUTSIDE THE RECEIVING
DEPARTMENT, RELATED AGENCY OR OTHER AUTHORIZED ENTITY.  IF THE INFORMATION
ON THE RECORD IS USED TO DISQUALIFY AN APPLICANT, THE OFFICIAL MAKING THE
DETERMINATION OF SUITABILITY FOR LICENSING OR EMPLOYMENT SHALL PROVIDE THE
APPLICANT THE OPPORTUNITY TO COMPLETE, OR CHALLENGE THE ACCURACY OF, THE
INFORMATION CONTAINED IN THE FBI IDENTIFICATION RECORD.  THE DECIDING
OFFICIAL SHOULD NOT DENY THE LICENSE OR EMPLOYMENT BASED ON THE
INFORMATION IN THE RECORD UNTIL THE APPLICANT HAS BEEN AFFORDED A
REASONABLE TIME TO CORRECT OR COMPLETE THE INFORMATION, OR HAS DECLINED TO
DO SO.  AN INDIVIDUAL SHOULD BE PRESUMED NOT GUILTY OF ANY CHARGE/ARREST
FOR WHICH THERE IS NO FINAL DISPOSITION STATED ON THE RECORD OR OTHERWISE
DETERMINED.  IF THE APPLICANT WISHES TO CORRECT THE RECORD AS IT APPEARS
IN THE FBI'S CJIS DIVISION RECORDS SYSTEM, THE APPLICANT SHOULD
BE ADVISED THAT THE PROCEDURES TO CHANGE, CORRECT OR UPDATE THE RECORD ARE
SET FORTH IN TITLE 28, CFR, SECTION 16.34.

- FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                                   FBI NO.              DATE REQUESTED
BOWEN, ERROL ALEXANDER                 657090TB1            2009/04/16

SEX   RACE   BIRTH DATE   HEIGHT   WEIGHT   EYES   HAIR
M     B      ███████ 600  190      BRO    BLK

BIRTH PLACE
U S VIRGIN ISLANDS

PATTERN CLASS                    CITIZENSHIP
RS WU RS RS RS WU LS AU LS LS    UNITED STATES
      WU        WU        WU

END OF PART 1 - PART 2 TO FOLLOW

# EXHIBIT B



**CONSULATE GENERAL OF BELIZE**
**Park Mile Plaza**
**4801 Wilshire Blvd. Ste. 250**
**Los Angeles, CA. 90010**
Telephone: (323) 634-9900 Fax: (323) 634-9903
E-mail: **belizeconsulate@sbcglobal.net**

April 19th, 2019

Errol Bowen
AA1636 B3/86
Golden State MCCF
P.O. Box 1577
McFarland, CA 93250

Dear Mr. Bowen,

As requested I have searched the Vital Statistics database and cannot locate a birth entry for Errol Alexander Bowen born ███████████ in Belize City.

If this office can be of further assistance, please feel free to contact us.

Regards,

Carolyn Mckenzie
Vice Consul

# EXHIBIT C



## EMBASSY OF BELIZE

February 25, 2021

Dear Mr. Errol Alexander Bowen Jr.,

Kindly note that we have concluded our search and note no record was found for Errol Alexander Bowen Jr., with a birth date of ███████████ as a Belizean.

Kindly note **no record** was found for Errol Alexander Bowen Jr., with a birth date of ████████ ███████ in our Belize Passport system.

Kindly note **no record** was found for Errol Alexander Bowen Jr., with a birth date of ████████ ████████ in our Belize Birth Certificate system.

Kindly note **no record** was found for Errol Alexander Bowen Jr., with a birth date of ███████ ████████ in our Belize Nationality system.

Sincerely,



Michael Mena
Counsellor

2535 MASSACHUSETTS AVENUE, N.W.  •  WASHINGTON, D.C. 20008
TEL: (202) 332-9636  •  FAX: (202) 332-6888
EMAIL: reception.usa@mfa.gov.bz  •  WEBSITE: belizeembassyusa.mfa.gov.bz

# EXHIBIT D

# AFFIDAVIT

MY NAME IS ERROL ALEXANDER JOSEPH
BOWEN (JR) BORN ███████████████

I NEVER APPLYED FOR A PASSPORT
FOR THE COUNTRY OF BELIZE / BELIZE
CITY. I DO NOT OWN PASSPORT NO.
0194875.

PASSPORT NO. 0194875 BE LONG'S TO
EBER FERNANDO POLANCO.

I ERROL ALEXANDER JOSEPH BOWEN (JR)
DECLEAR UNDER PENALITY OF PURJURY
THAT THE ABOVE FOREGOING IS TRUE
AN CORRECT.

Errol Alexander Joseph Bowen Jr
1/25/2022



**GEO** The GEO Group, Inc.
**Golden State Annex**

072937832
**BOWEN JR, ERROL JOSEPH ALEXANDER**
Type: ICE
Race: Unknown

| Height | Eyes | Arrival Date |
| --- | --- | --- |
| 72 | BROWN | 10/12/2021 |

# CALIFORNIA CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of _____ Kern _____ )

On _01/25/2022_ before me, _V. Trujillo, Notary Public_,
(here insert name and title of the officer)

personally appeared _Joseph Alexander Errol Bowen Jr._

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _V. _____

(Seal)

V TRUJILLO
COMM. #2370840
NOTARY PUBLIC • CALIFORNIA
KERN COUNTY
My Comm. Exp. Aug. 15, 2025

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.

### Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____

_____,

containing _____ pages, and dated _____.

The signer(s) capacity or authority is/are as:
☐ Individual(s)
☐ Attorney-in-Fact
☐ Corporate Officer(s) _____
                             Title(s)

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
Name(s) of Person(s) or Entity(ies) Signer is Representing

### Additional Information

**Method of Signer Identification**

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification  ○ credible witness(es)

Notarial event is detailed in notary journal on:
    Page # _____  Entry # _____

Notary contact: _____

**Other**
☐ Additional Signer(s)  ☐ Signer(s) Thumbprint(s)
☐ _____

© Copyright 2007-2018 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved. Item Number 101772. Please contact your Authorized Reseller to purchase copies of this form.

## NOTARIZED AFFIDAVIT OF IDENTITY
### DECLARATION UNDER PENALTY OF PERJURY

MY NAME IS ERROL ALEXANDER JOSEPH BOWEN (JR) BORN ███████████

I DO NOT (OWN) OR HAVE IN MY PROPERTY OR POSSESSION A BIRTHCERTIFICATE FOR THE COUNTRY OF BELIZE.

ANY BIRTHCERTIFICATE IN THE POSSESSION OF THE DEPARTMENT OF HOMELAND SECURITY/ICE IS A FRAUDULENT/FRAUDULENTLY BIRTHCERTIFICATION IN THE NAME OF ERROL ALEXANDER JOSEPH BOWEN (JR) BORN DECEMBER 19th 1979.

I ERROL ALEXANDER JOSEPH BOWEN (JR) BORN DECEMBER 19th 1979. I DO NOT (OWN) OR HAVE IN MY POSSESSION A PASSPORT FOR THE COUNTRY OF BELIZE.

I ERROL ALEXANDER JOSEPH BOWEN (JR) BORN DECEMBER 19th 1979, I DO NOT (OWN) PASSPORT NO. 0194875

I DO NOT HAVE OR (OWN) A BIRTHCERTIFICATE OR PASSPORT FOR THE COUNTRY OF BELIZE.

I, ERROL ALEXANDER JOSEPH BOWEN (JR) BORN DECEMBER 19th 1979, CERTIFY, SWEAR, OR AFFIRM, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, THAT THE INFORMATION IN THIS NOTARIZED AFFIDAVIT/DECLARATION IS COMPLETE, TRUE AND CORRECT.

*Errol Alexander Joseph Bowen Jr*
2/9/2022



**Golden State Annex**

072937832
**BOWEN JR, ERROL JOSEPH ALEXANDER**
Type: ICE
Race: Unknown

| Height | Eyes | Arrival Date |
|--------|-------|--------------|
| 72 | BROWN | 10/12/2021 |

## CALIFORNIA CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                         )

County of _____Kern_____                  )

On _Feb. 09, 2022_ before me, _V. Trujillo, Notary Public_ ,
(here insert name and title of the officer)

personally appeared _Joseph  Alexander  Errol  Bowen Jr._

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

**V TRUJILLO**
COMM. #2370840
NOTARY PUBLIC • CALIFORNIA
KERN COUNTY
My Comm. Exp. Aug. 15, 2025

(Seal)

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.

Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____

_____ ,

containing _____ pages, and dated _____ .

The signer(s) capacity or authority is/are as:
- ☐ Individual(s)
- ☐ Attorney-In-Fact
- ☐ Corporate Officer(s) _____
  Title(s)

- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☐ Other: _____

representing: _____
Name(s) of Person(s) or Entity(ies) Signer is Representing

**Additional Information**

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
- ○ form(s) of identification  ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____    Entry # _____

Notary contact: _____

Other
- ☐ Additional Signer(s)    ☐ Signer(s) Thumbprint(s)
- ☐ _____

© Copyright 2007-2018 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved.    Item Number 101772. Please contact your Authorized Reseller to purchase copies of this form.

# EXHIBIT E

DEAR . BELIZE EMBASSY OR CONSULATE

PURSUANT TO 8 CFR 241.4 (g) NOTICE OF FAILURE TO COMPLY,

I , ERROL ALEXANDER JOSEPH BOWEN JR , BORN ▮▮▮▮▮

▮▮▮▮▮▮    I'M APPLYING FOR A TRAVEL DOCUMENT /

PASSPORT FROM EMBASSY OR CONSULATE OR DIRECTLY

FROM BELIZE GOVERNMENT. I ERROL ALEXANDER JOSEPH

BOWEN (JR) IS FACILITATEING OF THE ISSUANCE OF TRAVEL

DOCUMENTS / PASSPORT.

   IF NO TRAVEL DOCUMENTS / OR PASSPORT WILL BE

ISSUED FOR ERROL ALEXANDER JOSEPH BOWEN JR, BORN

DECEMBER 19th 1979. PLEASE PROVIDE A LETTER OF DENILE

OF ISSUANCE OF TRAVEL / OR PASSPORT DOCUMENTS TO

THE FOLLOWING ADDRESS BELOW.

   ERROL ALEXANDER JOSEPH BOWEN (JR)
   072937 832
   GOLDEN STATE ANNEX
   PO BOX 1577
   MC FARLAND, CA 93250

                                 *Errol Alexander Joseph Bowen Jr*
                                 2/9/2022



**Golden State Annex**

072937832
**BOWEN JR, ERROL**
**JOSEPH ALEXANDER**
Type:  ICE
Race:  Unknown

| Height | Eyes | Arrival Date |
|--------|------|--------------|
| 72 | BROWN | 10/12/2021 |

## CALIFORNIA CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                )

County of _____ Kern _____      )

On _Feb. 09, 2022_ before me, _V. Trujillo Notary Public_ ,
(here insert name and title of the officer)

personally appeared _Joseph Alexander Errol Bowen Jr._

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**V TRUJILLO**
COMM. #2370840
NOTARY PUBLIC • CALIFORNIA
KERN COUNTY
My Comm. Exp. Aug. 15, 2025

Signature _V. Trujillo_

(Seal)

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.

### Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document

titled/for the purpose of _____

_____ ,

containing _____ pages, and dated _____ .

The signer(s) capacity or authority is/are as:

☐ Individual(s)
☐ Attorney-in-Fact
☐ Corporate Officer(s) _____
                              Title(s)

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
              Name(s) of Person(s) or Entity(ies) Signer is Representing

_____ .

**Additional Information**

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
      Page # _____   Entry # _____

Notary contact: _____

Other
☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s)
☐ _____

© Copyright 2007-2018 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved.    Item Number 101772.    Please contact your Authorized Reseller to purchase copies of this form.

# EXHIBIT F

Mr. Raymond Usher
Commissioner of the Supreme Court
Belize City, C/O Supreme Court Registry
Belize
Tel No. 627-3896

March 10, 2022

To Whom It May Concern

Dear Sir/Madam,

**Re: Errol Alexander Joseph Bowen Jr.**

Kindly be informed that I have made search as requested for the existence of any entry of birth being registered in the Register of Births for Errol Alexander Joseph Bowen born on December 19, 1979, at the Vital Statistical Information system in Belize to date.

This is to advise that upon exhaustion of search at the Vital Statistics Information System of Belize, no entry of his birth can be found to be registered. Kindly be so advised.



Sincerely

Raymond A. Usher
Commissioner of the Supreme Court
Belize City
Belize

# EXHIBIT G



NATIONALITY & PASSPORTS DEPARTMENT

*Belmopan, Belize Central America*

*Telephones: 501-822-0284, 501-822-3860, Fax: 501-822-2662, email:*
*insbze@btl.net*

My Ref: SEC/7/01/22 (27) VOL. II

16th March, 2022

## TO WHOM IT MAY CONCERN

This letter is to confirm that below-named person has never been issued a Belize Passport.

**Name:**           Errol Alexander Joseph Bowen Jr.
**Date of Birth:**

Submitted for your necessary information.



Mario Arzu (Mr.)
Director
Nationality and Passports

DIRECTOR
NATIONALITY & PASSPORTS