UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL ALEXANDER JOSEPH BOWEN, JR., | No.  1:22-cv-00402-SKO (HC) |
| Petitioner, | **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED** |
| v. | [FORTY-FIVE DAY DEADLINE] |
| MERRICK GARLAND, et al.,, | |
| Respondents. | |

Petitioner has filed a petition for writ of habeas corpus challenging his indefinite detention by the United States Bureau of Immigration and Customs Enforcement ("ICE").

Petitioner was born in the U.S. Virgin Islands to Belizean parents, but believes himself to be stateless.  Petitioner states he has been continuously detained by ICE since approximately October 1, 2020, and received a final order of removal on July 16, 2021.  He states he has been in ICE custody for more than six months since his removal order became final.

Petitioner contends that his detention pursuant to 8 U.S.C. § 1231(a)(2) has exceeded the six-month presumptive period set forth in Zadvydas v. Davis, 533 U.S. 678 (2001), that his continued detention is no longer reasonable, that Respondent has been unable to effect his removal to Belize, that there is no "significant likelihood" of such removal in the "reasonably foreseeable future," and therefore that his ongoing detention is indefinite and violates his

1

1    substantive and procedural due process rights under the Due Process Clause of the Fifth

2    Amendment of the United States Constitution.

3          Because Petitioner may be entitled to relief if the claimed violations are proved,

4    Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4,

5    Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254

6    Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's Alien File

7    and any and all other documentation relevant to the determination of the issues raised in the

8    petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is

9    released from ICE custody during the pendency of this Petition, the parties SHALL notify the

10   Court by filing a Motion to Dismiss the Petition or other proper pleading.  Should the parties fail

11   to notify the Court that Petitioner has been released, the parties may be subject to sanctions

12   pursuant to the inherent power of the Court to issue sanctions in appropriate cases.  See Local

13   Rule 110.

14         Based on the foregoing, it is HEREBY ORDERED:

15   1.   Respondent is ORDERED TO SHOW CAUSE why the Petition should not be

16         granted; and

17   2.   The Response to the Order to Show Cause is due within FORTY-FIVE (45) days of

18         the date of service of this order.  Petitioner may file a Traverse to the Response within

19         THIRTY (30) days of the date the Response to the Order to Show Cause is filed with

20         the Court.

21         The Court has determined that this matter is suitable for decision without oral argument

22   pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the

23   filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other

24   briefing in this action is suspended until further notice.

25

26   IT IS SO ORDERED.

27   Dated:   **April 8, 2022**                              /s/ *Sheila K. Oberto*

28                                                    UNITED STATES MAGISTRATE JUDGE

                                          2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28