UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL ALEXANDER JOSEPH BOWEN, JR.,<br><br>Petitioner,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>Respondents. | No. 1:22-cv-00402-AWI-SKO (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION IN PART (Doc. 11)**<br><br>**ORDER CONSTRUING MOTION FOR SUMMARY JUDGMENT AS AN ANSWER (Doc. 6)**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner is an immigration detainee proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 11, 2022, the Magistrate Judge assigned to the case issued Findings and Recommendation to deny the petition on its merits. (Doc. 11.) This Findings and Recommendation was served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On July 22, 2022, Respondent filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 12.) Petitioner did not file objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case. Respondent objects to the Magistrate Judge's characterization of his motion to dismiss as a motion for summary judgment. Respondent argues that his motion was

1

1  instead, *inter alia*, a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. Proc. §
2  12(b)(6).  However, Respondent's motion also presented additional evidence including an
3  affidavit along with 13 exhibits in support. (Doc. 6-1.)  Fed. R. Civ. Proc. § 12(d) provides that
4  "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and
5  not excluded by the court, the motion must be treated as one for summary judgment under Rule
6  56."  Thus, the Magistrate Judge properly determined that the motion to dismiss should be treated
7  as a motion for summary judgment.  As such, the Court agrees that the motion for summary
8  judgment should be construed as an answer, insofar as summary judgment in a federal habeas
9  proceeding is essentially equivalent to a determination on the merits. Kornfeld v. Puentes, 2019
10 WL 1004578, at *1 (E.D. Cal. 2019).  Regardless, the distinction does not affect the outcome in
11 this case.

12       Respondent also argues that Petitioner's present detention is under the "mandatory" 90-
13 day removal period governed by 8 U.S.C. § 1231(a)(1)-(2) rather than the discretionary removal
14 period governed by 8 U.S.C. § 1231(a)(6). Respondent's argument is persuasive.  Pursuant to 8
15 U.S.C. § 1231(a)(1)(C), the mandatory "removal period shall be extended beyond a period of 90
16 days and the alien may remain in detention during such extended period if the alien fails or
17 refuses to make timely application in good faith for travel or other documents necessary to the
18 alien's departure or conspires or acts to prevent the alien's removal subject to an order of
19 removal."  The Ninth Circuit has held that "8 U.S.C. § 1231(a)(1)(C), . . ., authorizes the . . .
20 continued detention of a removable alien so long as the alien fails to cooperate fully and honestly
21 with officials to obtain travel documents." Lema v. I.N.S., 341 F.3d 853, 857 (9th Cir. 2003).

22       Respondent submits that Petitioner's antagonistic and obstructionist actions, as discussed
23 in the Magistrate Judge's Findings and Recommendations, began on the 88th day of the 90-day
24 mandatory removal period.  From that point on, Petitioner committed repeated documented acts
25 of non-compliance, as more fully discussed in the Findings and Recommendations.  Thus,
26 Petitioner's continued detention was caused by his own continuing failure to cooperate with
27 officials and obtain the proper travel documents.  Because of Petitioner's own obstructionist
28 actions, he remains subject to the 90-day mandatory custody period under 8 U.S.C. § 1231(a)(2).

Lema, 341 F.3d at 857.  Furthermore, a new mandatory 90-day custody period would restart following the latest date of Petitioner's documented obstruction.  Diouf v. Mukasey, 542 F.3d 1222, 1231 (9th Cir. 2008).

Accordingly, having carefully reviewed the entire file, including Respondent's objections, the Court concludes that, with the exception of the clarification discussed above concerning the appropriate removal period status, the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

For the foregoing reasons, the Court orders as follows:

1. The Findings and Recommendations, filed July 11, 2022 (Doc. 11), is ADOPTED IN PART;

2. Respondent's motion for summary judgement is CONSTRUED as an answer to the petition;

3. The petition for writ of habeas corpus is DENIED; and

4. The Clerk of Court is directed to ENTER JUDGMENT AND CLOSE THE CASE.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   December 1, 2022

SENIOR  DISTRICT  JUDGE

3